UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

DANIEL SHEA,

                     Plaintiff,

    -against-

GEORGE HOFFMAN, and MEDICARE B SUPPLIES,

                  Defendants.

Civ. Docket No.:
**COMPLAINT**

**Jury Trial Demanded**

--------------------------------------------------------------------X

Plaintiff Daniel Shea, by and through his attorney, Law Offices of Cynthia A. Augello P.C. for his Complaint against Medicare B Supplies, "Defendant" alleges as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this case to recover damages for Defendant's violations of Federal and New York State labor laws.

2.   Plaintiff regularly worked long hours for the Medicare supplies company operated by Medicare B Supplies.  Defendant intentionally withheld overtime wages in violation of federal and state laws which require overtime pay for employees working more than 40 hours a week. Defendant illegally classified plaintiff as an independent contractor to avoid paying the appropriate taxes, thus forcing additional burdens onto Plaintiff.

3.   This lawsuit seeks to recover the unpaid wages that Plaintiff lawfully earned, together with statutory liquidated damages, interest, and attorney's fees.

## INTRODUCTION

4.   Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended 29 U.S.C. §§201 *et. Seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

5.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216, 28 U.S.C. §1331 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7.   Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## JURY DEMAND

8.   Plaintiff hereby demands a jury trial by jury on all of his claims in this action.

## PARTIES

9.   Plaintiff Daniel Shea is an individual residing in Sayville, New York and has been employed by Medicare B Supplies, as a Customer Service Representative, and is an employee within the meanings of the Fair Labor Standards Act and New York Labor Law ("NYLL"). Throughout his employment by Defendants, Plaintiff routinely worked more than 45 hours per week.

10. Defendant, Medicare B Supplies is a corporation with its principal place of business of 409 Hoyt St, Brooklyn, New York, 11231.

11. Defendant George Hoffman is an individual, residing in Brooklyn, NY and is believed to be the president of Defendant, Medicare B Supplies.

12. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FACTUAL ALLEGATIONS

14.  Medicare B Supplies is a Medicare supply company operating throughout New York.

15. Plaintiff began working for Defendant in or about October 13, 2016.  When he began working at Medicare B Supplies, his title was Inventory and Customer Service Representative.

16. During the course of his employment Plaintiff also handled emergency deliveries to various nursing homes when the need arose.

17. At some point during his tenure, Medicare B Supplies improperly misclassified Plaintiff as an independent contractor.

18. Due to this misclassification, Plaintiff has been responsible to pay taxes and unemployment contributions routinely paid by an employer.

19. Additionally, Plaintiff routinely worked more than forty hours per week.

20. In actuality, Plaintiff worked an average of 45 hours per week.

21. Defendants never paid Plaintiff the required overtime wages of one and a half times his regular rate of pay when he worked more than forty hours per week.

22. In fact, Defendant has never paid Plaintiff for any hours that he worked in excess of the 45 hours in a work week.

23. As a whole, Plaintiff worked hundreds of overtime hours during his employment by Defendant.

24. Both Medicare B Supplies and George Hoffman were aware of the overtime and improper classification as an independent contractor as Plaintiff made his employer aware multiple times in person, via telephone, via text message, and via email.

25. Both Medicare B Supplies and George Hoffman failed to pay overtime or properly classify Plaintiff which was a willful violation of the Fair Labor Standards Act and various New York Labor Laws.

26. Defendant, George Hoffman, in his role as president of Medicare B Supplies maintained the power to hire and fire any and every individual working for Medicare B Supplies as well as set schedules, assign duties, discipline employees and determine rates of pay.

27. Plaintiff's responsibilities entailed doing inventory and customer service in nursing homes.

28. Plaintiff was also required to make emergency deliveries, despite not being hired for this job purpose or being compensated for this additional responsibility.

29. Defendants' failure to pay overtime wages was knowing, intentional, and willful.

30. Defendants knew that the nonpayment of overtime wages would financially injure Plaintiff.

31. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## FIRST CAUSE OF ACTION
### (FLSA – Overtime Wages)

1. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

2. At all relevant times, Plaintiff was an employee of Defendants, and Defendants were the employers of Plaintiff, within the meaning of § 203 of the Fair Labor Standards Act.

3. The overtime wages provisions of § 216 of the FLSA and its supporting regulations apply to Defendant and protect Plaintiff.

4. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

5. Defendants' violation of the overtime requirements of the FLSA was willful.

6. Through its knowing and intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per week, Defendants willfully violated FLSA § 216.

7. As a direct and proximate result of these violations, Plaintiff has suffered damages in an amount to be determined at trial.

8. Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, statutory liquidated damages, reasonable attorney's fees and costs of the action, and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
### (FLSA - Retaliation)

1. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

2. At all relevant times, Plaintiff was an employee of Defendants, and Defendants were the employers of Plaintiff, within the meaning of § 203 of the Fair Labor Standards Act.

3. Defendants are well aware that the antiretaliatory provisions of § 201 of the FLSA and its supporting regulations apply to Defendant and protect Plaintiff.

4. Defendant, George Hoffman continually made threatening statements and engaged in a pattern of harassment and intimidation towards Plaintiff in light of the complaint being filed for multiple violations of the FLSA.

5. Specifically, George Hoffman attempted to dissuade Plaintiff from asserting his right to be paid properly.

6. Additionally, after learning that Plaintiff intended to file this Action, Defendant Hoffman advised Plaintiff that Plaintiff was responsible to pay for damage to a company car after an accident.

5

7.   Upon information and belief, Defendant Hoffman had never required any employee to pay for vehicle damage after an accident.

8.   Additionally, George Hoffman repeatedly intimidated Plaintiff by telling Plaintiff to drop the lawsuit during working hours.

9.   When Plaintiff attempted to discuss the violations with Defendant Hoffman ignored Plaintiff  prior to Plaintiff hiring counsel to protect his rights, Defendant repeatedly ignored Plaintiff's requests to meet or talk.

10. Once Plaintiff engaged counsel, Defendant Hoffman became angry and hostile towards Plaintiff.

11. Defendants' violation of the antiretaliatory policies of the FLSA was willful.

12. Through their knowing and intentional patterns of discrimination and intimidation towards plaintiff, Defendants willfully violated FLSA § 201.

13. As a direct and proximate result of these violations, Plaintiff has suffered damages in an amount to be determined at trial.

14. Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, statutory liquidated damages, reasonable attorney's fees and costs of the action, and pre- and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(NYLL – Overtime Wages)**

15. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

16. At all relevant times, Plaintiff was an employee of Defendants, and Defendants were the employers of Plaintiff, within the meaning of NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

6

17. The overtime wages provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

18. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and supporting New York State Department of Labor Regulations.

19. Defendant's violation of the overtime requirements of the NYLL was willful.

20. Through its knowing and intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per week, Defendant willfully violated NYLL Article 19, § 650 *et seq.*, and supporting New York State Department of Labor Regulations.

21. As a direct and proximate result of these violations, Plaintiff has suffered damages in an amount to be determined at trial.

22. Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, statutory liquidated damages, reasonable attorney's fees and costs of the action, and pre- and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Notice of Pay Rate)**

23. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

24. Under NYLL § 195(1)(a), Defendants were required to provide to Plaintiff upon his hiring a notice setting forth, *inter alia*, his regular rate of pay and overtime rate of pay.

25. Pursuant to NYLL § 198(a-b), Plaintiff is entitled to recover from Defendants damages of $50 per day that the violations occurred, not to exceed a total of $5,000, as well as reasonable attorney's fees and costs of the action.

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Furnish Accurate Wages Statements)

26. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

27. Under NYLL §§ 195(3) and 198(1-d), an employer is required to provides its employees with, *inter alia*, written notice of their rate of pay and a statement of their wages commensurate with their pay.

28.  The wage statement provided with each payment must specify "the number of regular hours worked, and the number of overtime hours worked" during the pay period.  NYLL § 195(3).

29. The statute further requires that each employer "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked." NYLL § 195(4).

30. Defendants failed to provide Plaintiff with accurate wage statements.

31. The wage statements that Defendants provided to Plaintiff failed to include and identify the overtime hours Plaintiff worked.

32. As a result of these misstatements, Plaintiff was not paid overtime hours he was owed.

33. Defendants' violations of the NYLL, as described herein, were willful.

34. Pursuant to NYLL § 198 (1-d), Plaintiff is entitled to recover from Defendants' damages of $250 per day that the violations occurred, not to exceed a total of $5,000, as well as reasonable attorney's fees and costs of the action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

a.      Declaring Defendants' conduct complained herein to be in violation of FLSA, NYLL and its regulations;

8

b.   Awarding Plaintiff overtime wages due under the FLSA, NYLL and its regulations;

c.       Awarding Plaintiff damages pursuant to the NYLL for Defendants' failure to grant notice of his rate of pay or to furnish accurate wage statements;

d.       Awarding Plaintiff liquidated damages under the FLSA and NYLL for Defendants' willful violations;

e.   Awarding pre-judgment interest and post-judgment interest;

f.   Awarding attorney's fees and costs; and

g.   Awarding such other and further relief as this Court may dem just and proper.

Dated: Garden City, New York
June 10, 2021

THE LAW OFFICES OF CYNTHIA A. AUGELLO P.C.


By: ____/s/ Cynthia A. Augello_____
        Cynthia A. Augello (CA3839)
        65 Hilton Avenue
        Garden City, New York 11530
        (516) 888-1208
        caugello@augellolaw.com

        *Attorneys for Plaintiff*